IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00362-WYD-KLM

ANTHONY LACOMBE, as son and lineal heir of
Sophia G. LaCombe (now deceased),

      Plaintiff,

v.

SOUTH PUEBLO MEDICAL INVESTORS, LTD.,
a Tennessee Foreign Limited Partnership d/b/a
LIFE CARE CENTER OF PUEBLO

      Defendant.

## STIPULATED PROTECTIVE ORDER

**COURT**, having received and reviewed the parties' Stipulated Motion for Protective Order, hereby grants the Stipulated Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) as follows:

1.    In this action, at least one of the Parties has sought, is seeking, or will seek Confidential Information (as defined in paragraph 2 below). The Parties anticipate that additional Confidential Information may be sought during discovery and that confidential information may be requested during depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter a Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a. Internal handbooks, company policies and/or procedures, company financial and budget data, contracts (such as insurance contracts), or other documents and information maintained by the parties that concern or relate to commercial information; and

    b. The Parties and/or their representatives' or employees' personnel files or employment records (including those of any former employees)[1]; and

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party during discovery, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on each page of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed deposition or other testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty (30) business days after receipt of the

---

[1] Employees have a privacy interest in their personnel files. *Freedom Newspapers, Inc. v. Tolefson*, 961 P.2d 1150, 1156 (Colo. App. 1988); *Denver Publ'g Co. v. Univ. of Colo.*, 812 P.2d 682, 685 (Colo. App. 1990); C.R.S. § 24-72-204(a)(3)(II)(A).

transcribed testimony. Counsel making the designation shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition testimony and exhibits thereto shall be treated as confidential. After the expiration of the 30-day period, only the specific page(s) and line number(s) and exhibits designated as being confidential, if any, shall be treated as confidential.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals who are authorized to review Confidential Information pursuant to this Protective Order are limited to the following:

   a. The Parties to this action, including designated representatives for the entity defendant;

   b. Undersigned counsel for the parties;

      c.      Persons regularly employed or associated with undersigned counsel whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      d.      Court reporters and videographers;

      e.      Any retained experts and consultants;

      f.      The Court and related Court personnel; ~~and~~

      g.      Other persons by written agreement of the parties;

      h.      The Jury;

      i.      Mediators, Arbitrators, or any other neutral advisers in connection with Alternative Dispute Resolution; and

      j.      Any person whose testimony has been noticed or subpoenaed or who has been designated as a witness at deposition or trial.

These authorized persons shall hold all Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court Order or otherwise required by law.

      6.      A party's counsel who discloses Confidential Information to a retained expert or consultant shall be responsible for assuring compliance with the terms of this Protective Order by any retained experts and/or consultants to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by the retained experts and/or consultants agreeing to maintain the confidentiality of Confidential Information, and shall maintain a list of all experts to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon Court Order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may request that the Court disallow inspection, or allow inspection under terms and conditions deemed appropriate by the Court. The party requesting inspection of the list shall bear the burden of establishing substantial need.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes and for review by individuals listed in paragraph 5 above. Any such copies shall be made and used solely for purposes of this litigation. During the pendency of this litigation, counsel and other individuals listed in paragraph 5 above may retain custody of any Confidential Information disclosed, and any copies made therefrom.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information with ten (10) business days of receiving designations by the opposing party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party opposing the designation of information as Confidential Information to make [pursuant to MJ Mix's discovery procedures] an appropriate motion requesting that the Court determine whether the disputed information should be made subject to the terms of this Protective Order. If such a motion is timely made, the disputed information

shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the party opposing designation fails to file such a motion within the prescribed time, the disputed information shall be deemed Confidential Information and shall thereafter be treated as Confidential Information in accordance with this Protective Order.

10. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of Rule 26(c)(1)(H) of the Federal Rules of Civil Procedure.

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

12. Nothing in this Order shall affect the ability of the Parties to challenge the authenticity or admissibility of any document or testimony. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13. Upon termination of this litigation, including any appeals, each Party's counsel and all other individuals listed in paragraph 5 above, shall immediately return to the producing party or provide written confirmation that all Confidential Information that has been provided has been returned pursuant to the terms of this Protective Order. A written request for such materials shall be made by the producing party.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

15. Nothing in this Protective Order shall preclude any Party from utilizing Confidential Information as an exhibit in trial.

DATED at Denver, Colorado, this 12th day of June, 2015.

BY THE COURT:

_____
Hon. Kristen L. Mix
United States Magistrate Judge

APPROVED

| s/ Jordan S. Levine | s/ James Nicholas Boeving |
|---|---|
| Jordan S. Levine, Esq. #23877 | Kevin J. Kuhn |
| Andrew J. Phillips, Esq. #40283 | Michele On-ja Choe |
| Levine Law, LLC | James Nicholas Boeving |
| 4500 Cherry Creek Drive South, Ste. 400 | Wheeler Trigg O'Donnell |
| Denver, CO 80246 | 370 Seventeenth Street, Suite 4500 |
| Phone: (303) 333-8000 | Denver, CO 80202 |
| Attorneys for Plaintiff | Phone: 303.244.1800 |
|  | Attorney for Defendant |